KOONCE, JR., EXR., *v.* FIRST TRUST & SAVINGS BANK, MIAMI, FLORIDA, TRUSTEE.

(Decided September 7, 1934.)

*Mr. Charles Koonce, Jr.,* for plaintiff in error.
*Messrs. Cannon, Spieth, Taggart, Spring & Annat,* and *Messrs. Hoppe, Lea, Day & Ford,* for defendant in error.

SMITH, J.  This case originated in an application made by the defendant in error herein to the Probate Court of Trumbull county for discharge of claim and for order on the executor, Charles Koonce, Jr., and was entitled "In Re Estate of Richard Garlick, deceased". It was tried under favor of the provisions of Sections 10509-148 and 10509-149, General Code. The Probate Court was absent from the county, and Judge Carter, Judge of the Court of Common Pleas, acted as Probate Judge. The application stated that Charles Koonce, Jr., had been appointed executor of the estate of Richard Garlick on or about April 20, 1932, and that applicant's claim did not accrue within

nine months after the date of the appointment of said executor; that the claim in question arose out of an underwriting agreement entered into by Richard Garlick during his lifetime with the Indian Creek Holding Company, a copy of which is attached to the application as an exhibit.

The application further stated that defendant's claim did not accrue until April 4, 1933. This application was made under date of August 17, 1933, and on September 12, 1933, the court made the following entry:

"This day, September 12, 1933, this cause came on to be heard, on the application of First Trust and Savings Bank, Miami, Florida, as Trustee, presenting its claim to this Court before the estate of Richard Garlick, deceased, is fully administered, and asking under General Code Sections 10509-148 and 10509-149, for an order of court in respect to its claim against said estate in the amount of Four Thousand Nine Hundred Thirteen Dollars and Sixty-six Cents ($4,913.66), with interest thereon at eight per cent (8%) per annum from April 5, 1933, which claim did not accrue within nine months after the date of the appointment of the executor herein, and, without making a final adjudication of the issues involved, it appearing to the court that there is justly due on said claim from the estate of Richard Garlick, deceased, the sum of Four Thousand Nine Hundred Thirteen Dollars and Sixty-six Cents ($4,913.66) with interest thereon at eight per cent (8%) per annum from April 5, 1933, and Charles Koonce, Jr., the executor of said estate, not consenting to the payment of said claim, and none of the heirs, devisees or other persons interested in said estate offering to give bond as provided by law, it is ordered that said Charles Koonce, Jr., as executor of the estate of Richard Garlick, deceased, shall retain in his hands sufficient money to satisfy said claim if and when it shall be proved to be due in an

action commenced by said applicant, First Trust and Savings Bank, Miami, Florida, as Trustee; to which the executor duly excepts."

Motion for a new trial was filed and overruled. Error is now prosecuted to this court from the decision of the Probate Court.

The defendant in error, First Trust & Savings Bank, filed a motion to dismiss the petition in error on the ground that the order in the Probate Court was not a final order from which error could be prosecuted. Hearing was had at a former term of this court on the motion to dismiss, and this court overruled said motion and held that the order in the Probate Court was a final order and that error proceedings could be predicated thereon. The case is now here on its merits.

There are four grounds of error set out in the petition in error, as follows:

1. That said court erred in overruling the motion of plaintiff in error for a new trial.

2. That the court erred in entertaining jurisdiction of said proceeding under Sections 10509-148 and 10509-149, General Code.

3. That the court erred in finding that there is justly due on the claim of said First Trust and Savings Bank, Miami, Florida, as Trustee, from the estate of Richard Garlick, deceased, the sum of $4,913.66, with interest thereon at 8% per annum from April 5, 1933, as by said court found in judgment entered by it September 12, 1933.

4. That the court erred in ordering said executor to retain in his hands sufficient money to satisfy said claim if and when it shall be proved to be due in an action commenced by said applicant, First Trust and Savings Bank, Miami, Florida, as Trustee.

The principal ground urged in the brief of plaintiff in error is that the court had no jurisdiction in this case, it being claimed that under the new Probate

Code, of which the sections referred to are a part, the action taken by the court was not warranted for the reason that the executor did not consent to such a proceeding. Section 10509-148 is as follows:

"A creditor whose right of action does not accrue within nine months after the date of the appointment of the executor or administrator, may present his claim to the court from which the letters issued, at any time before the estate is fully administered. If, on examination thereof, it appears to the court that the claim is justly due from the estate, by consent of the creditor and executor or administrator, it may order the claim to be discharged, as if due after discounting interest, or that the executor or administrator retain in his hands sufficient to satisfy it. If an heir of the deceased, or devisee, or others interested in the estate, offers to give bond to the alleged creditor, with sufficient surety or sureties for the payment of the demand, in case it be proved to be due from the estate, the court may order such bond to be taken, instead of ordering the claim to be discharged, or requiring the executor or administrator to retain assets aforesaid."

Section 10509-149 is as follows:

"The decision of the court thereon shall not be conclusive against the executor or administrator, or other person interested to oppose the allowance of the claim. They shall not be compelled to pay it if disputed by them, unless it be proved to be due, in an action to be commenced by the claimant, within six months after it becomes payable."

It is claimed by the plaintiff in error that Section 10509-134, General Code, would have been the proper section under which this claim should have been presented. That section reads as follows:

"Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the probate court, if after notice to all interested parties and hearing,

it is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law.''

Section 10509-112, General Code, in so far as pertinent to this case, reads:

''Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment * * *.''

For the purpose of determining the issues in this case we consider it necessary only to construe Sections 10509-148 and 10509-149, General Code. Section 10509-148 provides that the court can do certain things by consent of the creditor and executor or administrator. It is rather difficult to grasp the meaning of this section upon a casual reading, but a careful analysis clearly discloses the legislative intent. To simplify this interpretation, first read the section omitting the clause ''by consent of the creditor and executor or administrator'' and then ask the question ''When can that be done?'' The answer will be found to be ''by consent of the creditor and executor or administrator''.

The executor in this case did not consent to the presentation and allowance of this claim, or to the order directing him to retain sufficient funds to satisfy it, until the validity of the claim was determined.

Defendant in error claims that such construction placed on this section makes Section 10509-149 unnecessary and meaningless. We cannot concur in that conclusion. Section 10509-149 provides that such a finding by the court under Section 10509-148 is not

conclusive against the executor or administrator or other person interested in the estate. It is the duty of the court to try to harmonize all sections of the statute where the intention to repeal some section by another section does not appear. We think both of these sections can be harmonized by the construction that such a presentation under Section 10509-148 can be effective only when the executor and the creditor consent thereto. This section also provides that any heir or devisee may litigate any claim that is presented under this section by giving a bond for that purpose. We believe that Section 10509-149 applies to a condition where the executor consents to the creditor making such a presentation to the court under Section 10509-148. Then the court would have jurisdiction to make an order authorizing or directing the executor to retain sufficient money until the claim has been litigated.

It was argued by defendant in error that if the consent of the executor to the allowance of the claim is obtained, he could not consistently oppose it. In our opinion, however, the section is so broad that the executor could consent to the filing of the claim for allowance and compel the claimant to establish that his claim is due from the estate. Even though the executor or administrator consents to the allowance of the claim, any heir, devisee or other person interested in the estate can oppose it and compel the claimant to prove that it is due—in an action to be commenced within six months after the time the claim became payable. In the instant case, however, the executor did not consent either to the allowance of the claim or the filing of the same for allowance. In our opinion, the consent of the executor or administrator is essential under Section 10509-148 and the Probate Court was without jurisdiction in this proceeding to make the order of September 12, 1933.

It is therefore the conclusion of this court that said

order should be, and it hereby is, set aside, and the action of the Probate Court is reversed.

*Judgment reversed.*

ROBERTS and LYNCH, JJ., concur in the finding.