## SNYDER et v HENDRICKSON

Ohio Appeals, 6th Dist, Erie Co

Decided Dec 7, 1936

King, Flynn & Frohman, Sandusky, and Faust, Faust & Faust, Troy, for appellants.

Murray & Murray, Sandusky, for appellee.

## OPINION

By CARPENTER, J.

In the Probate Court appellants, Henry and Katie Snyder, filed an application praying that court for an order to require Lyla M. Hendrickson, the executrix of a will, to pay to them a certain specific legacy they alleged was given them by that will. The executrix filed a motion to strike the application from the files, which was granted February 27, 1935. Within twenty days, applicants filed a bond to appeal the matter to the Common Pleas Court.

The executrix filed a motion to dismiss the appeal, which was granted by that court and from that order this appeal to this court on questions of law was filed. Whether the Probate Court was right in its action is not involved here.

The question before the Common Pleas Court and now before this court is: Did the applicants have a right to appeal to the Common Pleas Court from the action of the Probate Court? They claim §10509-190, GC, gives them that right. That section authorizes appeal as to an "order * * * in proceedings under the provisions relating to the enforcement of orders of distribution." It is not claimed that any order of distribution had been made in the estate.

Sec 10501-53, GC, gives the Probate Court power to "order the distribution of estates." §§10509-180 to 10509-189, GC, provide when and how distribution may be made, while §§10509-199 to 10509-207, GC, tell when and how a legatee may sue an executor for a legacy, and that is not until thirty days after "order of distribution" has been made.

The application in question was merely a request to the court to exercise the authority given it in §10501-53, GC. Had that request been granted and the court ordered a distribution, there would have started "proceedings under the provisions relating to the enforcement of orders of distribution" and from orders therein appeals could be had under §10509-190, GC. This matter did not get that far, hence appeal did not lie as claimed.

The Common Pleas Court was right in dismissing the appeal, and its judgment is affirmed.

Judgment affirmed.

TAYLOR and LLOYD, JJ, concur.