464

BRAUER, PLAINTIFF-APPELLANT, *v.* CLEVELAND (CITY) ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26865.   Decided June 4, 1964.

*Mr. Henry DuLaurence, Mr. Paul H. Oppmann* and *Mr. Joseph L. Abrams,* for plaintiff-appellant.

*Mr. Bronis J. Klementowicz,* director of law, and *Mr. Richard J. Marco,* assistant director of law, for defendants-appellees.

KOVACHY, P. J. This is an appeal from a judgment entered in the Cuyahoga County Court of Common Pleas in favor of the defendants, City of Cleveland and C. L. Sheboy, Commissioner of Housing of said city.

Plaintiff-Appellant, Adelaide M. Brauer, part owner of a residential structure of row houses in the City of Cleveland, brought an action as a taxpayer on behalf of herself, as well as others similarly situated, to enjoin defendant-appellees from enforcing an order of the Commissioner of Housing which requires that an owner of row houses that are leased or rented obtain a Certificate of Occupancy for such premises. The essential facts are either stipulated or not in dispute, and the applicable ordinances of the City of Cleveland are in evidence as an exhibit and part of the record.

The property in question is an L-shaped structure consisting of six dwellings located on a single plot of land at 8002-8006 Lake Avenue and 1316-1320 West 80th Street. The dwellings have a single roof, are built upon a single foundation, and have common fire walls between them, but otherwise are unattached to each other since each has separate entrances from the front and rear, its own walk, individual address, and no means of

intercommunication between it and the next dwelling. Moreover, each has its own basement, its own heating plant, and its own meters for gas and electricity. They are commonly known and designated in the Ordinances of the City of Cleveland as "row houses." Each, at the time of the trial of the cause, was occupied as a residential unit.

Plaintiff-appellant contends that the trial court was in error in holding that her row houses constitute a "multiple dwelling" under the definition of a multiple dwelling in the Housing Code of the City of Cleveland for the reasons that (1) the Housing Code is in pari materia with and supplemental to the Building Code of the City of Cleveland; (2) the Building Code classifies a row house as a dwelling house; (3) the Housing Code does not specifically define or classify a row house; (4) the definition and classification of a row house in the Building Code obtains as to the Housing Code, and under such definition and classification row houses do not fall within the definition of a "multiple dwelling" as found in the Housing Code; and (5) as a consequence, row houses are not amenable to the provision of the Housing Code requiring that an owner of a "multiple dwelling," when occupied for residence purposes and when leased or rented, obtain a Certificate of Occupancy.

The defendant-appellees, on the other hand, maintain that the definition in the Housing Code that a multiple dwelling "is a dwelling structure occupied for residence purposes by more than two families" is controlling in the situation here presented and that the trial court was correct in its holding that the definition of a row house in the Building Code has no application.

Section 6.0101 of the Housing Code of the City of Cleveland states that the " 'Housing Code of the City of Cleveland' * * * shall be deemed to be included within the reference to the 'Building Code of the City of Cleveland' as used in Section 76-6 of the Charter * * *."

Section 6.0102 states that the purpose of the Housing Code generally is to "establish minimum standards necessary to make all dwelling structures safe, sanitary, free from fire and health hazards, and fit for human habitation and beneficial to the public welfare; * * *."

Section 6.0103 states that the Housing Code is "supple-

*mentary* to all of the provisions of the Codified Ordinances \* \* \* relating to the construction, use and maintenance of residential buildings \* \* \*.'' (Emphasis added.)

From the language of the sections of the Housing Code set out above, it seems clear to us that the Building Code and the Housing Code are not only in pari materia with each other but that the Housing Code is supplemental to the Building Code as well, and under statutory construction any subject matter treated in general terms in the Housing Code not expressly contradicting specific and positive provisions in the Building Code is controlled by the provisions of the Building Code.

The Supreme Court of Ohio in the case of *City of Cincinnati et al* v. *Guckenberger,* 60 Ohio St., 353, 54 N. E., 376, states the law with respect thereto in the first paragraph of the syllabus as follows:

''A code of statutes relating to one subject is presumed to be governed by one spirit and policy, and intended to be consistent and harmonious, and all of the several sections are to be considered in order to arrive at the meaning of any part unless a contrary intent is clearly manifest.''

See, *State, ex rel. Knisely et al,* v. *Jones et al,* 66 Ohio St., 453, 64 N. E., 424.

It is stated in the case of *State, ex rel. The Merydith Construction Co.* v. *Dean, Auditor,* 95 Ohio St., 108, at page 115, 116 N. E., 37:

''All laws newly passed by the general assembly must be presumed to harmonize with existing statutes on kindred subjects not either expressly or impliedly repealed. \* \* \*''

See, *Snyder et al* v. *Hendrickson,* 55 Ohio App., 215, 9 N. E. (2d), 515; *Koonce* v. *First Trust & Savings Bank,* 49 Ohio App., 404, at page 409, 197 N. E., 362; *State* v. *Fenn,* 10 N. P. (N. S.), 325, at page 327, 21 O. D., 593.

Section 6.0304 of the Housing Code defines Dwelling, Building or Structure as a ''building or structure used or designed or intended to be used \* \* \* for residential purposes.'' And Section 6.0309 defines a multiple dwelling as ''a dwelling structure occupied for residence purposes by more than two families \* \* \*.'' And Section 6.1101 reads:

''It shall be unlawful for the owner, agent or person in charge of any dwelling structure used or designed, or intended

to be used as a multiple dwelling, to rent or lease such structure or any part thereof for residential occupancy unless the owner thereof obtains a Certificate of Occupancy issued by the Commissioner of Housing for such structure.''

However, Section 5.1506 of the Building Code reads, in part:

"Residential Occupancy Defined.

"(a) * * *

"(b) Residential Occupancy Classification shall be found subclassified as:

Residential Occupancy—Dwelling House.

Residential Occupancy—Multiple Dwelling.

"(c) * * *.''

Section 5.1516 under the general heading of "Dwelling House" reads, in part:

"Residential Occupancy—Dwelling House, defined:

"(a) Residential Occupancy—Dwelling House classification shall include dwelling houses and *row houses.*

"(b) No dwelling house or *individual row house* shall be altered or arranged for the use or occupancy of more than two families * * *." (Emphasis added.)

And Section 5.1531 reads, in part:

"Residential Occupancy—Multiple Dwelling, Defined.

"(a) Residential Occupancy—Multiple Dwelling Classification shall include all buildings and parts of buildings of Residential Occupancy Classification except those occupied as dwelling houses or row houses.''

"* * *"

The language employed in the above sections of the Building Code makes plain that a row house is classified as an individual dwelling house and as such must be considered in the category of a one or two family residential structure and that where such dwellings are attached to each other, the classification of a single dwelling house still obtains to each house and the combined units do not fall into the classification of a "multiple dwelling."

Other sections of the Building Code fortify this concept since throughout the Building Code the expression, "row house," is inseparably mentioned with "dwelling house" in Sections: 5.1517, 5.1518, 5.1519, 5.1520 (b), 5.1525 (d), (f), (j), 5.1526, 5.1529 (a), and 5.1530 (a).

Inasmuch as the Housing Code is in pari materia with and supplemental to the Building Code and inasmuch as the Building Code classifies each individual house structure in row houses as a Dwelling House while the Housing Code contains no definition or classification of a row house, the conclusion is inescapable that the definition and classification of a row house in the Building Code must be considered as a part of the Housing Code, and, as a consequence, such dwellings when consisting of more than two units do not fall within the definition of a "multiple dwelling" in the Housing Code and, therefore, do not require a Certificate of Occupancy.

Accordingly, the judgment of the Court of Common Pleas is reversed and final judgment is rendered for the appellant.

SILBERT and WASSERMAN, JJ., concur.